UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER NEUFELD, | CASE NO. 1:05-CV-00530-REC-SMS-P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 11) |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Roger Neufeld ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 20, 2005. On June 23, 2005, plaintiff filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Amended Complaint

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where plaintiff was incarcerated at the time. Plaintiff names California Department of Corrections Director J. S. Woodford, Warden James A. Yates, Chief Deputy Warden J. Mattingly, Associate Warden R. H. Trimble, Captain E. H. Beels, Captain M. C. Davis, Lieutenant R. Fisher, Jr., Lieutenant J. L. Brown, Sergeant D. Reeves, Sergeant Rivero, Sergeant Clow, Paul Cruz, Ray Galaviz, Keith Morden, Associate Warden Chuck Nesbit, Ray Spencer, and Terry Griffin as defendants. Plaintiff is seeking money damages.

In his amended complaint, plaintiff alleges that from early November 2004 into December 2004, there was a problem with the water supply to the Administrative Segregation Unit at Pleasant Valley. Plaintiff alleges that the water coming from the cell faucets and showers was dark red, brown, or milky in color, and prison officials were aware of the problem but did not provide inmates with adequate drinking water or water to bathe in. Plaintiff alleges that as a result of the problem with the water, he suffered illness, internal injuries, and a rash. Plaintiff alleges that in addressing the water issues and responding to plaintiff's complaints concerning the water issues, the defendants named in this action violated his rights under the Eighth Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as under state law.

///

///

C.  Plaintiff's Section 1983 Claims

 1.  Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted). Further, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability. Id. at 835; Frost, 152 F.3d at 1128.

The court has carefully reviewed plaintiff's allegations and finds that they fail to give rise to a cognizable claim for relief under section 1983 for violation of the Eighth Amendment. Although allegations that the water was unsafe and plaintiff developed physical problems as a result of the water may be a sufficient basis for an Eighth Amendment claim, plaintiff's allegations do not support a claim that any of the defendants named in the amended complaint "[knew] of and disregard[ed] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. Plaintiff's allegations establish that prison

3

officials responded to the problems with the water supply. That plaintiff believes they should have responded differently is insufficient to show deliberate indifference. As long as defendants acted reasonably, they are not liable, even if harm to plaintiff was not ultimately averted. Farmer, 511 U.S. at 844-45.

The court will provide plaintiff with the opportunity to amend his claim. For each defendant that plaintiff wishes to pursue an Eighth Amendment claim against, there must be some facts that would support a claim that the defendant acted with deliberate indifference. Generalized allegations concerning what "prison officials" did or did not do is insufficient to give rise to a claim under section 1983. The allegations must relate to what each named defendant did or did not do.

### 2. Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Although plaintiff alleges that his right to equal protection was violated, plaintiff's complaint is devoid of any facts that give rise to a cognizable equal protection claim.

### 3. Due Process Claim

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The existence of a liberty interest is

determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff's complaint does not contain a cognizable procedural due process claim. Plaintiff did not have a protected liberty interest at stake. Therefore, there is no basis upon which to impose liability for the deprivation of a protected interest without due process of law.

To the extent that plaintiff is attempting to pursue a substantive due process claim, such a claim fails as a matter of law. "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this instance, plaintiff's allegations concerning unsafe water clearly fall within the purview of the Eighth Amendment.

### 4. Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts that rise to the level of a constitutional violation. Accordingly, there is no basis upon which to pursue a supervisory liability claim.

    D.    State Law Claims[1]

        1.    Negligence Claim

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2005). "To establish negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury." Hair v. State, 2 Cal. Rptr. 2nd 871, 875 (Cal. Ct. App. 1991) (citations omitted). Plaintiff has not adequately pled that each of the defendants named in the amended complaint had a legal duty to use due care, breached such legal duty, and the resulting injury was proximately or legally caused by the breach.

        2.    Equal Protection and Due Process Claims

The analysis of plaintiff's federal constitutional claims applies both the federal and state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 553 P.2d 565, 570 n.3 (Cal. 1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)). Therefore, plaintiff's state law constitutional claims are not separately anaylzed.

        3.    Violation of State Law Codes and Regulations

In his amended complaint, plaintiff alleges violations of California Penal Code sections 147, 673, 2600, 2601, and 2932. Section 147 provides for the punishment of an officer who inhumanely or oppressively treats prisoners, and section 673 provides for the punishment of the use of cruel,

---

[1] Unless and until plaintiff has stated cognizable claims for relief under federal law, the court has no jurisdiction over plaintiff's state law claims in this action, even the state law claims are cognizable. 28 U.S.C. § 1367(a).

corporal, or unusual punishments, or treatment impairing health. Section 2600 provides in relevant part that a state prisoner may be deprived of such rights as is reasonably related to legitimate penological interests. Section 2601 sets forth specific rights retained by state prisoners, subject to section 2600. Section 2932 addresses the execution of sentences and time credits.

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The court has reviewed Penal Code sections 147 and 673 and there is no indication that civil enforcement of any kind is available to plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Accordingly, plaintiff fails to state a claim upon which relief may be granted under state law based on the alleged violations of sections 147 and 673.

It appears that sections 2600 and 2601 *may* provide a basis upon which to pursue a claim for relief under state law. See Thompson v. Dept. of Corr., 18 P.3d 1198, 1205-08 (Cal. 2001) (analyzing whether a prison policy violated section 2600 and holding that it did not). However, section 2600 does not bestow on state prisoners any affirmative rights, and plaintiff has not alleged any facts that would support a claim that he was deprived of any of the rights set forth in section 2601. Accordingly, at this juncture, the court finds that plaintiff has not stated a claim for violation of sections 2600 and 2601.

Plaintiff may not pursue a claim for relief in this action for violation of section 2932. Although plaintiff has not alleged any facts that implicate the provisions of section 2932, this deficiency is irrelevant. All challenges to a state court's incarceration of a prisoner or to the length of that incarceration must be raised in a petition for writ of habeas corpus and not in a civil rights action. A civil action for damages arising out of the loss of time credits is barred until such time as plaintiff achieves "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok,

520 U.S. 641, 648 (1997) (applying <u>Heck</u> to a prison disciplinary hearing where good-time credits were affected).

In addition to the Penal Code violations, plaintiff alleges violations of sections 3271, 3291(a), 3332(d), and 3380(a) of Title 15 of the California Code of Regulations. The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The court has found no authority to support a finding that there is an implied private right of action under Title 15 and plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the court finds that plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations.

E. <u>Conclusion</u>

The court finds that plaintiff's amended complaint does not contain any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint; and

4. If plaintiff fails to file a second amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:   October 6, 2005**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE